**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Kimmie Shipes Heaton, #249607, | ) | Case No. 2:16-cv-1079-RMG-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Warden, Graham Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Kimmie Shipes Heaton ("Petitioner") is a state prisoner incarcerated at Graham Correctional Institution in South Carolina. She has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. She is proceeding *pro se* and has paid the filing fee. (DE# 1, Receipt number SCX300065338). This matter is before the Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for initial screening. Having reviewed the petition and applicable law, the Magistrate Judge recommends that this § 2254 petition should be <u>summarily dismissed</u>, without prejudice to the Petitioner's ability to seek permission from the Fourth Circuit Court of Appeals to file a successive petition, for the following reasons:

**I. *Pro Se* Habeas Review**

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed the petition pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, and in light

of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Courts liberally construe *pro se* claims to allow the development of a potentially meritorious case. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## II. Background

Petitioner was indicted on multiple criminal charges at the July 7, 1997 term of the Court of General Sessions of Laurens County, South Carolina. See Indictment Nos. 1997GS3000678 (murder); 1997GS3000678B (possession of a weapon during commission of a violent crime); and  1998GS3000415A (conspiracy).[1] In March of 1998, Petitioner pleaded guilty to all three offenses. On May 4, 1998, the state court sentenced Petitioner to fifty (50) years imprisonment

---

[1]See http://publicindex.sccourts.org/Laurens/PublicIndex/CaseDetails.

for the murder offense, and five (5) years each for the weapon and conspiracy charges. (DE# 1, ¶ 3). Pursuant to her plea agreement, Petitioner did not appeal. (*Id*. at ¶¶ 8-9 ¶).

In her present petition, the Petitioner indicates that she has previously filed three applications for post-conviction relief ("PCR") in state court.[2] A state records checks reflects that Petitioner filed: 1) a first application for PCR on March 29, 1999 (Case No. 1999-CP-3000175); 2) a second application for PCR on May 30, 2012 (Case No. 2012-CP-3000417); and a third application for PCR on January 21, 2014 (Case No. 2014-CP-300071). Petitioner indicates that the state court denied PCR relief on all three applications. (DE# 1 at ¶¶ 10-11). A state records check reflects that the state court denied these three PCR applications, respectively, on June 28, 2000, October 19, 2012, and April 4, 2015.[3]

On February 7, 2003 (several years after Petitioner's first PCR application was denied on June 28, 2000), Petitioner filed a first federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heaton v. Warden*, D.S.C. Case No. 8:03-cv-369-RMG-BHH. She raised the following issues: (1) the sentencing judge allegedly provided erroneous sentencing information, and (2) trial counsel was ineffective for allegedly not presenting "all evidence of mental illness." (*Id*., see Report and Recommendation, DE# 12 at 3). This District Court granted summary judgment to the Warden and dismissed the petition. (*Id*., DE# 13, Order of October 22, 2003).

After unsuccessfully pursuing her second and third applications for PCR, the Petitioner returned to federal court, and on or about April 7, 2016, filed the present second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE# 1). She alleges that: 1) trial counsel was ineffective because he did not obtain a mental competency evaluation for her; 2) trial

---

[2] Petitioner provides some inaccurate dates and case numbers, but accurate information is readily verifiable at the public index site online. See http://publicindex.sccourts.org/Laurens/PublicIndex/CaseDetails.

[3] The record does not reflect that the Petitioner appealed the denial of her first PCR application. As for the decisions on her second and third PCR applications, the Supreme Court of South Carolina issued remittitur on June 24, 2013 (Case No. 2012-CP-3000417) and on March 28, 2016 (Case No. 2014-CP-300071).

counsel was ineffective because he "failed to acquire evidence" of her mental health records; 3) she was allegedly suffering from psychosis when she entered her guilty plea and thus was denied due process; and 4) her post-conviction counsel was ineffective for not getting Petitioner's mental health records from Laurens County.

## III. Discussion

This Court must screen this § 2254 petition to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Review of the record reflects that this is Petitioner's second § 2254 petition regarding the same murder conviction and sentence. This Court may properly take judicial notice of public records, including the Court's own docket. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989); *Assa'ad-Faltas v. South Carolina*, 2012 WL 6103204 (D.S.C.), *adopted by* 2012 WL 6106421 (D.S.C.) ("the District Court clearly had the right to take notice of its own files and records"). Petitioner does not indicate, and the record does not reflect, that Petition has obtained permission from the Fourth Circuit Court of Appeals to file a second or successive petition for habeas corpus.

For the second petition to be "successive," the dismissal of the first habeas petition must have been "on the merits," rather than for instance, a dismissal for lack of exhaustion. *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000); *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S. Ct. 1289 (2011). In her first § 2254 petition, Petitioner alleged that: 1) the sentencing judge provided erroneous sentencing information, and 2) trial counsel was ineffective for not presenting "all evidence of mental illness." This Court considered the merits of the Petition and determined that the Petitioner's

first claim was a matter of state law not cognizable on federal habeas review and that Petitioner's second claim was "clearly without merit." Thus, the record reflects that Petitioner's first § 2254 petition was dismissed on the merits. *See Heaton v. Warden,* Case No. 8:03-cv-369-RMG-BHH.

In her present (second) § 2254 petition, Petitioner alleges that: 1) her trial counsel was ineffective because he did not obtain a mental competency evaluation for her; 2) her trial counsel was ineffective because he "failed to acquire evidence" of her mental health records; 3) she was denied due process because she was allegedly suffering from psychosis when she entered her guilty plea; and 4) post-conviction counsel was ineffective for not getting Petitioner's mental health records from Laurens County. Petitioner appears to be alleging the same claim of "ineffectiveness of trial counsel" that she previously asserted in her first federal habeas petition. The AEDPA provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

Petitioner lists additional issues and contends that she is relying on "after discovered evidence." The AEDPA provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--":

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). The United States Supreme Court has explained that "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

The AEDPA requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Rule 9 of Rules Governing Section 2254 and 2255 Cases also expressly provides that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Thus, Petitioner must first obtain authorization from the United States Court of Appeals for the Fourth Circuit before this Court may consider this successive § 2254 petition. Petitioner does not indicate that she has obtained authorization from the Fourth Circuit Court of Appeals to file this successive petition.

Absent such authorization, a district court has no jurisdiction to consider the merits of the petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that the failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition) (citing § 2244(b)(3)(A)). In *Burton*, the United States Supreme Court explained:

> Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.

*Id.; and see, e.g.*, *Smart v. Warden, Kershaw Correctional Institution*, Case No. 2:13-cv-2449-GRA-BHH, 2013 WL 6054475 (D.S.C. November 15, 2013) (dismissing Petitioner's § 2254 petition without prejudice, because Petitioner had not obtained permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition); *Smart v. S.C. Dept. of Probation, Parole and Pardon Servs.*, 2014 WL 3359327 (D.S.C. July 9, 2014) (dismissing unauthorized successive petition), *appeal dism'd*, 585 F.App'x 48 (4th Cir. Oct. 22, 2014) (construing appeal as a request for authorization to file a successive § 2254 petition and denying authorization). Therefore, the present § 2254 petition is an unauthorized successive petition that must be dismissed.

## IV. <u>Certificate of Appealability ("COA")</u>

A COA will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, a petitioner satisfies this standard by showing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack*, 529 U.S. at 484; *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When a district court denies relief on procedural grounds, the petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. Here, the record plainly shows that: 1) Petitioner has previously filed a § 2254 petition that was considered and rejected on the merits, and 2) that Petitioner has now filed an unauthorized successive petition without permission of the Fourth Circuit Court of Appeals. In light of the record, this procedural ruling is not "debatable." Petitioner is not entitled to a COA.

## V. <u>Recommendation</u>

Accordingly, it is **RECOMMENDED** that this Petition be **<u>dismissed</u>**, without prejudice to Petitioner's right to seek authorization from the Fourth Circuit Court of Appeals to file a successive petition, and without requiring Respondent to file an answer or return. It is also **RECOMMENDED** that a certificate of appealability be **<u>denied</u>**.

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

April 18, 2016
Charleston, South Carolina
Petitioner's attention is directed to the <u>important notice</u> on the next page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).