IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kimmie Shipes Heaton, | ) | |
| | ) | No.: 2:16-cv-01079-RMG |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Miriam Boulware, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 4), recommending that the petition for writ of habeas corpus be dismissed without prejudice and without requiring Respondent to file an answer or return. For the reasons stated below, the Court **ADOPTS** the R & R and **DISMISSES** the habeas petition.

In March 1998, Petitioner pleaded guilty to murder, possession of a weapon during commission of a violent crime, and conspiracy. On May 4, 1998, Petitioner was sentenced to 50 years' imprisonment for the murder offense and received a 5-year sentence on the weapon and conspiracy charges. (Dkt. No. 1 at ¶ 3). Petitioner did not appeal, but she did file three post-conviction relief ("PCR") applications. (Dkt. No. 1 at ¶¶ 8–11).

On February 7, 2003, Petitioner filed her first habeas petition pursuant to 28 U.S.C. § 2254. *Heaton v. Warden*, No. 8:01-cv-369-RMG-BHH (D.S.C. 2003). This Court granted summary judgment to the respondent and denied the petition. (*Id.* at Dkt. No. 12).

On April 7, 2016, Petitioner filed her second petition for habeas corpus pursuant to § 2254. (Dkt. No. 1). On April 19, 2016, the Magistrate Judge issued an R & R recommending that the Court should dismiss the second petition as a successive petition. (Dkt. No. 4). No objections have been filed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A District Court must "make a *de novo* determination of those portions of the report . . . or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where no timely filed objection has been made, the District Court is obligated to review the R & R to confirm that "there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Having fully consider the R & R, the record, and the relevant legal standards, the Court finds that the Magistrate Judge ably and accurately set forth the legal and factual issues in this matter and correctly concluded that these claims are not cognizable on habeas review. Therefore, the Court **ADOPTS** the R & R (Dkt. No. 4) as the order of this Court and **DISMISSES** the habeas petition.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v.*

2

*Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 26, 2016
Charleston, South Carolina